NICK LUDOWESE, Appellant, v. FARMERS' MUTUAL COOPERATIVE
COMPANY.

**Contracts in restraint of trade:**   INVALIDITY.   The by-law of a co-opera-
tive company making it the duty of the company to pay its mem-
bers the highest market price for farm products, but in case of
sale to a competitor for a higher price such member shall pay a
certain percentage of the price to the co-operative company is in
restraint of competition and therefore illegal, and cannot be relied
upon as the basis for affirmative relief.

*Appeal from Sioux District Court.*—HON. WILLIAM HUTCHIN-
SON, Judge.

THURSDAY, FEBRUARY 19, 1914.

THE plaintiff appeals from an order overruling a de-
murrer to the answer.—*Reversed.*

*T. E. Diamond,* for appellant.

*Dunn & Bryant,* and *Van Oosterhout & Hospers,* for
appellee.

LADD, C. J.—The Farmers' Mutual Co-operative Com-
pany is a corporation engaged in buying and selling grain,
cattle, hogs, and other farm produce, with its principal place
of business at Hospers.   The plaintiff is a farmer living near
that town and owner of four shares of the company's capital
stock.   It declared a dividend June 1, 1912, but refused to
pay plaintiff the part to which his shares entitled him, amount-
ing to $45.25.   So alleging, the plaintiff prayed for judgment.
The answer admitted all this and alleged that article 14 of its
by-laws read:

While it shall be the imperative duty of the agent of this corporation to pay each and every member of this corporation the highest price that the market will stand upon the day of sale for the grade and quality of grain and hogs offered, should any competitor in the town of Hospers offer more than the said agent can pay, then said corporation member shall be at liberty to sell to said competitor, but shall be obligated to pay to the treasury of the corporation one cent per bushel on all grain and five cents per hundredweight on all hogs and cattle as liquidating damages to the corporation. All grain, cattle and hogs sold to competitors to be weighed on corporation scales. Cattle shall be bought and sold if the board of directors shall find it convenient and advisable at all or certain times of the year.

It further alleged that plaintiff had sold 400 bushels of oats and 13,000 pounds of pork in June, 1912, to competitors of defendant in business at Hospers, and that he, as a member of the defendant corporation, became obligated to it in the sum of $10.50 wherefore but $34.75 was owing plaintiff. To the affirmative portion of the answer the plaintiff demurred on the grounds: (1) That the corporation was without power to adopt the by-laws; (2) that it was illegal; (3) tended to stifle competition; (4) was in restraint of trade; and (5) contrary to public policy. The demurrer was overruled, and, as plaintiff elected to stand on the ruling, judgment was entered accordingly and the cause duly certified to this court. The by-law was clearly in restraint of competition and therefore illegal. *Reeves v. Decorah Farmers' Co-Operative Society,* 160 Iowa, 194, decided since the ruling complained of.

Notwithstanding the interesting brief of counsel for appellee, we are inclined to adhere to that decision. The record does not bear counsel out in saying that plaintiff had shared the profits derived from the penalties assessed under by-law 14 or that any of these are included in the dividends in controversy. On the contrary, the answer admitted liability for the dividends declared and affirmatively pleaded the illegal by-laws and prayed to recover damages thereunder. In other

words, the only issue was that raised by the answer and that based on the by-law, and it goes without saying that a litigant may not plead or prove a void by-law, illegal contract, or other instrument as a basis for affirmative relief.—*Reversed.*

Deemer, Gaynor, and Withrow, JJ., concur.